December 12th, 1817, Judge Roane pronounced the Court’s opinion.
The Court
(not deciding whether the appellant, at the time he purchased the land in Controversy, had such notice of the equity now set up against it, as would have postponed him had he been the first or original purchaser) is of opinion that he is protected in his said purchase, if those from whom he claims had no such notice. While a derivative purchaser, with notice, is protected by the want of notice in him from whom he claims; it is important to ascertain the ground on which the original purchaser is himself postponed in Equity. That ground is, that the taking the legal estate, after notice of a prior purchase, or Equity, makes the party a mala fide purchaser, and amounts to a fraud. In order to fix this fraud, however, the proof of notice must be clear. If it be merely doubtful, a presumption of fraud will not be made. In the case before us, there is no pretence that any of the purchasers in the trust deed, except Enoch, Mason, had any notice of the Equity now in question.— He, it is true, was privy to the agreement to give a mortgage upon the land to Thomds Jones the. testator; and, if the case had rested there, that was such a circumstance as ought to have prevented his making the purchase; and, as he was probably the agent of the other purchasers, might also have affected them: but it is stated in Mason’s answei’, and proved by Thomas Jones the younger, that, upon his applying to his father, on behalf of Mason, for the necessary extracts to enable him to write the mortgage, they were not only refused, but his father was also irritated at the request; and that these circumstances were communicated by him to Mason.— 'This information was well calculated, added to other *45 circumstances appearing in the cause, to shew a waiver by Thomas Jones, of his claim to a mortgage: and, thereafter, it was not fraudulent, or improper in the said Mason to make the purchase.
The opinion of the Court is, therefore, that so much of the decree, as sets aside the appellant’s purchase and decrees the land to be sold, is erroneous and ought to be reversed. And, in as much as the appellee Isaac Jones has admitted the whole debt, and has agreed, by an exhibit among the proceedings, that the said land, solar as he is interested in it, might he subjected to the payment of the present debt, the decree ought to be extended to the said Isaac Jones, and he so modelled as to give the appellee the benefit of such part of the purchase money as was in the hands of the appellant at the time of exhibiting the amended bill.
The decree is therefore reversed with costs, so far as it conflicts with this opinion, and affirmed for the residue, and the cause is remanded to he further proceeded in, and reformed, pursuant to the principles now stated.